# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2013

No. 12-60257
Summary Calendar

Lyle W. Cayce
Clerk

GERSON MARTINEZ-MARTINEZ, also known as Gerson Martinez, also known as Herson Hernandez-Martinez,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 936 441

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges:

PER CURIAM:[*]

Gerson Martinez-Martinez, a native and citizen of the Republic of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") order denying his application for withholding of removal. Martinez contends that the BIA erred because he established past persecution by gang members on account of his membership in a particular social group and that there is a clear probability of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

future persecution against him if he returns to Honduras.  He argues for the first time that his family is a social group because it was the target of the gang attacks.      In reviewing the order of the BIA, the court will also consider the underlying decision of the IJ because it had an influence on the BIA's decision.  *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).  Questions of law are reviewed *de novo*, while a substantial evidence test applies to factual findings.  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  Whether an alien has demonstrated eligibility for withholding of removal is a factual determination reviewed for substantial evidence.  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  This court will affirm the BIA's determination "unless the evidence compels a contrary conclusion." *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).  To qualify for withholding of removal, Martinez must show that it is more likely than not that his life or freedom would be threatened by persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion.  *See Mwembie v. Gonzales*, 443 F.3d 405, 410 n.9 (5th Cir. 2006).

To the extent that Martinez raises an argument that he is a member of a social group composed of his family that is subject to persecution, this court lacks jurisdiction to consider this argument because the newly-raised claim was not exhausted.  *See Said v. Gonzales*, 488 F.3d 668, 670-71 (5th Cir. 2007).  Insofar as Martinez presented evidence that the gang harmed and threatened him because he was a member of a group with financial means, this court has determined that economic extortion is not a form of persecution under immigration law and that the wealthy group of individuals that are the targets of the extortion are not a particular social group entitled to protection.  *See Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012).  Nor did Martinez's generalized fear of violence and disorder caused by the gang subject him to persecution.  *See Eduard v. Ashcroft,* 379 F.3d 182, 190 (5th Cir. 2004).

No. 12-60257

In light of the evidence presented, the BIA's determination that Martinez failed to demonstrate that he was persecuted or threatened with persecution based on his membership in a particular social group was substantially reasonable. Nor has Martinez presented any compelling evidence showing a likelihood that he will be subject to future persecution in Honduras. Martinez has failed to carry his burden of showing that the IJ or the BIA erred in denying his application for the withholding of removal.

PETITION FOR REVIEW DENIED.